**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY JOHNSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: |
| OFFICER CHRISTOPHER TOLLY #7086, | ) | |
| OFFICER SUSAN WAGNER #7978, | ) | |
| OFFICER LACIE ZINGRE #1100, | ) | Judge: |
| CITY OF KANKAKEE, CORRECTIONAL | ) | |
| OFFICER JEREMY MOST, KANKAKEE | ) | |
| COUNTY SHERIFF TIMOTHY BUKOWSKI, | ) | |
| in his official capacity, and KANKAKEE | ) | |
| COUNTY. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANTHONY JOHNSON (hereinafter "PLAINTIFF"), by and through one of his attorneys, Blake W. Horwitz, Esq., from the Blake Horwitz Law Firm, Ltd., pursuant to this Complaint at Law ("Complaint"), against the above named Defendants OFFICER CHRISTOPHER TOLLY, OFFICER SUSAN WAGNER, OFFICER LACY ZINGRE, the CITY OF KANKAKEE, CORRECTIONAL OFFICER JEREMY MOST, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, in his official capacity, and KANKAKEE COUNTY, and states as follows:

### I. JURISDICTION

1.      The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## II. PARTIES

2.      PLAINTIFF, ANTHONY JOHNSON, is a resident of the State of Illinois, and a citizen of the United States.

3.      DEFENDANT, OFFICER TOLLY, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

4.      DEFENDANT, OFFICER WAGNER, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

5.      DEFENDANT, OFFICER ZINGRE, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

6.      DEFENDANT, CITY OF KANKAKEE, is a duly incorporated municipal corporation.  At all times material to this Complaint, DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF KANKAKEE.

7.      DEFENDANT, CORRECTIONAL OFFICER MOST, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANTS KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI and KANKAKEE COUNTY.

8.      DEFENDANT, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, was at all times relevant to this Complaint the Sheriff of DEFENDANT KANKAKEE COUNTY.  DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI is sued in his official capacity.

9.      Pursuant to 55 ILCS 5/5-1002, DEFENDANT KANAKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI is a duly constituted local public entity, and is liable for any

2

judgment entered against DEFENDANT CORRECTIONAL OFFICER MOST arising out of his employment.

10.     Pursuant to 55 ILCS 5/5-1002, DEFENDANT KANAKAKEE COUNTY is a duly constituted local public entity, and is liable for any judgment entered against DEFENDANT CORRECTIONAL OFFICER MOST arising out of his employment.

### III. FACTS

11.     On January 1, 2014, the PLAINTIFF called 911 and complained of difficulty breathing.

12.     On January 1, 2014, the PLAINTIFF was taken by ambulance to Presence St. Mary's Hospital at 500 West Court Street, Kankakee, Illinois 60901.

13.     Upon arriving at Presence St. Mary's Hospital, members of the hospital's staff refused to treat the PLAINTIFF, despite his emergency medical condition and repeated pleas for help.

14.     Instead of treating the PLAINTIFF, hospital employees demanded that the PLAINTIFF leave the premises.

15.     The PLAINTIFF refused to leave the premises because he needed medical attention.

16.     In response to the PLAINTIFF'S refusal to leave, hospital employees called the police.

17.     Shortly thereafter, DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE arrived at the scene.

18.     DEFENDANT OFFICER TOLLY struck the PLAINTIFF in the face.

19.     DEFENDANT OFFICER TOLLY then placed the PLAINTIFF in handcuffs.

20.     DEFENDANT OFFICER TOLLY escorted the PLAINTIFF off the premises, and transported the PLAINTIFF to the Jerome Combs Detention Center ("Detention Center").

21.     At the Detention Center, DEFENDANT CORRECTIONAL OFFICER MOST demanded that the PLAINTIFF remove his clothes in the presence of female officers.

22.     When the PLAINTIFF refused to remove his clothes, DEFENDANT CORRECTIONAL OFFICER MOST tasered the PLAINTIFF.

23.     While the PLAINTIFF was lying on the floor after being tasered, DEFENDANT CORRECTIONAL OFFICER MOST forcibly removed the PLAINTIFF'S clothes and strip searched the PLAINTIFF.

24.     Female officers were present while DEFENDANT CORRECTIONAL OFFICER MOST forcibly removed the PLAINTIFF'S clothes and strip searched the PLAINTIFF.

25.     The strip search performed by DEFENDANT CORRECTIONAL OFFICER MOST did not produce any weapons or contraband.

26.     Following the strip search, DEFENDANT CORRECTIONAL OFFICER MOST placed the PLAINTIFF in a restraining chair.

27.     The PLAINTIFF was physically strapped to the restraining chair for several hours.

28.     The PLAINTIFF did not engage in any action to warrant the use of force against him by DEFENDANT OFFICER TOLLY and DEFENDANT CORRECTIONAL OFFICER MOST.

29.     On January 1, 2014, DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE were on duty at all times relevant

to this Complaint, and were deputized police officers of the DEFENDANT CITY OF
KANKAKEE, and acting under color of law.

30.     DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and
DEFENDANT OFFICER ZINGRE engaged in the conduct complained of on said date, in the
course and scope of their employment by the DEFENDANT CITY OF KANKAKEE.

31.     On January 1, 2014, DEFENDANT CORRECTIONAL OFFICER MOST was on
duty at all times relevant to this Complaint, and was a deputized police officer of
DDEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI and
DEFENDANT KANKAKEE COUNTY, and acting under color of law.

32.     DEFENDANT CORRECTIONAL OFFICER MOST engaged in the conduct
complained of on said date, in the course and scope of his employment by DEFENDANT
KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI and DEFENDANT KANKAKEE
COUNTY.

## COUNT I
### §1983 Excessive Force Claim
**(DEFENDANT OFFICER TOLLY and DEFENDANT CORRECTIONAL OFFICER
MOST)**

33.     The PLAINTIFF incorporates herein by reference the allegations set forth in
paragraphs 1 through 32 of this Complaint

34.     The actions of DEFENDANT OFFICER TOLLY and DEFENDANT
CORRECTIONAL OFFICER MOST in using unreasonable force unto the PLAINTIFF
amounted to an excessive use of force and violated the Fourth Amendment to the United States
Constitution.

35.     The aforementioned actions of DEFENDANT OFFICER TOLLY and DEFENDANT CORRECTIONAL OFFICER MOST were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT OFFICER TOLLY and DEFENDANT CORRECTIONAL OFFICER MOST, and such other additional relief as this Court deems equitable and just.

### COUNT II
### §1983 False Arrest
### (DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE)

36.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

37.     The actions of DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE led to the arrest of the PLAINTIFF without probable cause in violation of his rights under the Fourth Amendment to the United States Constitution

38.     The aforementioned actions of DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE, and such additional relief as this Court deems equitable and just.

## COUNT III
### §1983 Unlawful Strip Search
### (DEFENDANT CORRECTIONAL OFFICER MOST)

39.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

40.     The actions of DEFENDANT CORRECTIONAL OFFICER MOST in performing a strip search of the PLAINTIFF in front of female officers amounted to a violation of the PLAINTIFF'S right to privacy under the Fourth Amendment of the United States Constitution.

41.     The aforementioned actions of DEFENDANT CORRECTIONAL OFFICER MOST were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT CORRECTIONAL OFFICER MOST, and such other additional relief as this Court deems equitable and just.

## COUNT IV
### State Law Intrusion Upon Seclusion
### (DEFENDANT CORRECTIONAL OFFICER MOST)

42.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 32 of this Complaint.

43.     The actions of DEFENDANT CORRECTIONAL OFFICER MOST in performing a strip search of the PLAINTIFF in front of female officers amounted to an intentional intrusion upon the PLAINTIFF'S privacy in a way that would be highly offensive to a reasonable person.

44.     The actions of DEFENDANT CORRECTIONAL OFFICER MOST in performing a strip search of the PLAINTIFF in front of female officers amounted to intrusion upon seclusion under Illinois state law.

45.     The aforementioned actions of DEFENDANT CORRECTIONAL OFFICER MOST were the direct and proximate cause of the state law violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT CORRECTIONAL OFFICER MOST, and such other additional relief as this Court deems equitable and just.

**COUNT V**
**745 ILCS 10/9-102 Claim**
**(DEFENDANT CITY OF KANKAKEE)**

46.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 38 of this Complaint.

47.     DEFENDANT CITY OF KANKAKEE is the employer of DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE alleged above.

48.     DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE committed the acts alleged above under color of law, while on duty, and in the scope of their employment by the DEFENDANT CITY OF KANKAKEE.

WHEREFORE, should DEFENDANT OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER ZINGRE be found liable for any of the claims alleged in this Complaint, the PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF KANKAKEE pay to the PLAINTIFF any judgment obtained against DEFENDANT

OFFICER TOLLY, DEFENDANT OFFICER WAGNER and DEFENDANT OFFICER

ZINGRE as a result of this Complaint.

**COUNT VI**
***Monell* Claim Pursuant to 42 U.S.C. §1983**
**(DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI)**

49.     The PLAINTIFF incorporates herein by reference the allegations set forth in

paragraphs 1 through 32 and 39 through 41 of this Complaint.

50.     The unconstitutional strip search conducted by DEFENDANT CORRECTIONAL

OFFICER MOST was caused in part by the customs, policies and practices of DEFENDANT

KANKAKEE COUNTY, as promulgated, enforced and disseminated by DEFENDANT

KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI.

51.     As a matter of policy and practice, individual officers from the DEFENDANT

KANKAKEE COUNTY are not trained on the unconstitutionality of stripping the clothing from

an individual and leaving the individual unclothed during the duration of a strip search, while in

full view of persons of the opposite sex.

52.     Furthermore, DEFENDANT KANKAKEE COUNTY'S policy of requiring the

strip search of arrestees at the Jerome Combs Detention Center is unreasonable under the Fourth

Amendment.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT

KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, and such additional relief as this

Court deems equitable and just.

## COUNT VII
### *Monell* Claim Pursuant to 42 U.S.C. §1983
### (DEFENDANT KANKAKEE COUNTY)

53.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 32 and 39 through 41 of this Complaint.

54.     The unconstitutional strip search conducted by DEFENDANT CORRECTIONAL OFFICER MOST was caused in part by the customs, policies and practices of DEFENDANT KANKAKEE COUNTY, as promulgated, enforced and disseminated by DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI.

55.     As a matter of policy and practice, individual officers from the DEFENDANT KANKAKEE COUNTY are not trained on the unconstitutionality of stripping the clothing from an individual and leaving the individual unclothed during the duration of a strip search, while in full view of persons of the opposite sex.

56.     Furthermore, DEFENDANT KANKAKEE COUNTY'S policy of requiring the strip search of arrestees at the Jerome Combs Detention Center is unreasonable under the Fourth Amendment.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT KANKAKEE COUNTY, and such additional relief as this Court deems equitable and just.

## COUNT VIII
### 55 ILCS 5/5-1002 Claim
### (DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI)

57.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 35 and 39 through 45 of this Complaint.

58.     DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI is the employer of DEFENDANT CORRECTIONAL OFFICER MOST alleged above.

59.     DEFENDANT CORRECTIONAL OFFICER MOST committed the acts alleged above under color of law, while on duty, and in the scope of his employment by DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWKSI.

WHEREFORE, should DEFENDANT CORRECTIONAL OFFICER MOST be found liable for any of the claims alleged in this Complaint, the PLAINTIFF demands that, pursuant to 55 ILCS 5/5-1002, DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI pay to the PLAINTIFF any judgment obtained against DEFENDANT CORRECTIONAL OFFICER MOST as a result of this Complaint.

### COUNT IX
### 55 ILCS 5/5-1002 Claim
### (DEFENDANT KANKAKEE COUNTY)

60.     The PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 35 and 39 through 45 of this Complaint.

61.     DEFENDANT KANKAKEE COUNTY is the employer of DEFENDANT CORRECTIONAL OFFICER MOST alleged above.

62.     DEFENDANT CORRECTIONAL OFFICER MOST committed the acts alleged above under color of law, while on duty, and in the scope of his employment by DEFENDANT KANKAKEE COUNTY.

WHEREFORE, should DEFENDANT CORRECTIONAL OFFICER MOST be found liable for any of the claims alleged in this Complaint, the PLAINTIFF demands that, pursuant to 55 ILCS 5/5-1002, DEFENDANT KANKAKEE COUNTY pay to the PLAINTIFF any judgment obtained against DEFENDANT CORRECTIONAL OFFICER MOST as a result of this Complaint.

## JURY DEMAND

The PLAINTIFF demands trial by jury.


Respectfully submitted,

By:     _/s/ **Blake W. Horwitz**_____
        Blake W. Horwitz, Esq.
        One of the Attorneys for the Plaintiff


The Blake Horwitz Law Firm, Ltd.
111 West Washington Street, Suite 1611
Chicago, Illinois 60602
(312) 676-2100
bhorwitz@bhlfattorneys.com